Filed 12/8/25  P. v. Torrez CA6

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DENIS ALEXANDER TORREZ,<br><br>Defendant and Appellant. | H052519<br>(Santa Clara County<br>Super. Ct. No. C2014269) |

In July 2024, after a bench trial, Denis Alexander Torrez was convicted on three counts of aggravated sexual assault, and the following month he was sentenced to a total of 45 years to life in prison.  Torrez appealed, and we appointed counsel to represent him on appeal.  Counsel filed a brief stating the case and the facts, but raising no issues.  Instead, counsel asked us to review the record independently and determine whether there are any arguable issues.  Torrez in turn filed a supplemental brief asserting three errors.

We have reviewed the issues raised by Torrez and the full appellate record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  As explained below, we conclude that there is no arguable issue for appeal that would result in a disposition more favorable to Torrez, and we therefore affirm the judgment.

# I. BACKGROUND

## A. The Offenses

When Jane Doe was 10 or 11 years old, Torrez rented a room from her grandparents, who lived next door. Roughly a year later, Doe's father moved out, and Torrez, whom Doe believed was having an affair with her mother, moved in with Doe, her older sister, her older sister's boyfriend, and her younger brother. Later, Torrez and Doe's mother had two children together.

When Doe was 11 years old, Torrez began molesting her while her mother was out of the house working a night shift. Eventually the molestation escalated to attempted oral copulation and vaginal penetration with his fingers and penis. When Doe was 13 years old, she told her mother that Torrez was abusing her, but Torrez denied the abuse, and Doe's mother believed him. Afterwards the abuse mostly stopped, but when Doe was 14 years old, Doe's mother whipped Doe with an electric cord, and Doe fled to her father's house. When police responded to the father's report of physical abuse, Doe told them about Torrez's sexual abuse. Police arrested Torrez the next day.

## B. The Charges

Torrez was eventually charged with 17 offenses, including lewd or lascivious acts upon a minor and various forms of aggravated sexual assault on a minor. Torrez and the prosecutor agreed to a bench trial on three charges: (1) aggravated sexual assault by penetration on a minor under 14 and seven or more years younger than the defendant, in violation of Penal Code section 269, subdivision (a)(5), (2) aggravated sexual assault by rape on a minor under 14 and seven or more years younger than the defendant, in violation of Penal Code section 269, subdivision (a)(1), and (3) aggravated sexual assault by oral copulation on a minor under 14 and seven or more years younger than the defendant, in violation of Penal Code section 269, subdivision (a)(4).

2

## C. The Trial

At trial, pursuant to an agreement with Torrez, the prosecutor submitted Doe's testimony from the preliminary hearing. In that testimony, Doe described how Torrez would grab her head and push his penis toward Doe's mouth, touching her cheek with it. Doe said she always turned her head away and avoided Torrez's penis, except for one time when it made brief contact with her mouth. Doe also described an incident in which Torrez took off her shorts and underwear, began touching her again, and then put his penis inside her. Doe testified that on another occasion Torrez took off her pants, held her legs down, and then put his penis inside her vagina. A third time Torrez partially inserted his penis into Doe but was interrupted by Doe's younger brother calling to her.

Torrez testified in his own defense but presented no other evidence. He denied all of Doe's allegations of sexual touching and penetration. He expressed no opinion about why Doe might have fabricated these allegations.

After hearing closing arguments, the trial court found Torrez guilty of all three counts of aggravated sexual assault.

## D. The Sentence

The trial court sentenced Torrez to 15 years to life in prison on each of the three counts, running consecutively for a total of 45 years to life in prison. The court also gave Torrez credit for 1,394 days of custody and 208 days of good time. Finally, the trial court imposed two restitution fines of $300 each. Torrez's ability to pay the fines imposed was not disputed.

Torrez filed a timely notice of appeal.

## II. DISCUSSION

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106, including the three errors asserted by Torrez. This review

3

disclosed no arguable issue on appeal, and therefore we conclude that appellate counsel has complied fully with her responsibilities.  (*Wende*, at p. 441.)

## A.  Arrest

Torrez contends that he was "arrested without a warrant and probable cause." Even if we assume this contention to be true, it provides no arguable basis for appeal because Torrez's conviction rested on Jane Doe's testimony, not on any self-incriminating statements or other evidence derived from Torrez's arrest.

A defendant may move to suppress physical evidence obtained after an illegal search or seizure, including those following unlawful arrests, but the defendant must raise the issue before trial unless there was no earlier opportunity to do so.  (*People v. Frederickson* (2020) 8 Cal.5th 963, 1013, citing Penal Code, § 1538.5, subd. (h); see also *id*., § 1538.5, subd. (g).)  A defendant also may move to suppress any post-arrest statements that were coerced (*People v. Massie* (1998) 19 Cal.4th 550, 576) or elicited from custodial interrogation without knowing and intelligent waiver of the rights to remain silent, to have an attorney present, or to have counsel appointed (for indigent defendants).  (*People v. Sapp* (2003) 31 Cal.4th 240, 266.)

There are no grounds for suppression here.  Torrez's arrest did not lead to the evidence that provided the basis for his conviction.  The conviction was based on testimony from Doe, who disclosed to the police on October 25, 2020 that Torrez had molested her, including the penetration and oral copulation that led to Torrez's conviction.  Torrez's arrest occurred on October 26, 2020, the next day.  Moreover, no statements by Torrez or evidence derived from his arrest was submitted at trial, and the defense did not move to suppress any evidence or otherwise challenge Torrez's arrest.

As a consequence, even if Doe's statements to the police did not provide probable cause for Torrez's arrest, his arrest would not provide any arguable basis for overturning Torrez's convictions.

## B. Sufficiency of the Evidence

Torrez next claims there was insufficient evidence to support his convictions because the trial court's verdict rested solely on Jane Doe's testimony, and there was no corroborating evidence "such as the testimony of a medical provider." In fact, it is well-established that a single witness's testimony can provide an adequate basis for a conviction.

California courts have long recognized that a single witness's testimony can provide the basis for a conviction if the testimony provides substantial evidence of the crime charged. Indeed, "[e]ven where there is a significant amount of countervailing evidence, the testimony of as single witness that satisfies the [substantial evidence] standard is sufficient to uphold the finding." (*People v. Barnwell* (2007) 41 Cal.4th 1038, 1052 (*Barnwell*); see also *People v. Contreras* (2013) 58 Cal.4th 123, 160 ["when the proponent of evidence seeks to establish a material fact through the 'testimony of a single witness' as to whom no corroboration is legally required, jurors may 'believe' such testimony, and accept it as 'sufficient for the proof of that fact' "]; *People v. Jones* (2013) 57 Cal.4th 899, 963 [" '[U]nless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction.' "].)

Doe's testimony at the preliminary hearing provided substantial evidence of Torrez's crimes. The substantial evidence standard is satisfied "if the record contains reasonable, credible evidence of solid value upon which a reasonable trier of fact *could* have relied." (*Barnwell*, *supra*, 41 Cal.4th at p. 1052.) Doe's detailed testimony about various instances of sexual abuse by Torrez, escalating from inappropriate touching to the

5

three assaults that led to the instant convictions, provided such evidence. (See, e.g., *People v. Paz* (2017) 10 Cal.App.5th 1023, 1041 [jurors were "entitled to credit" the victim's uncorroborated testimony about a sexual assault].)

Doe's testimony also explained the lack of corroborating medical evidence. While Doe reported the abuse when she was 14, she testified that Torrez had started assaulting her when she was 12 and had largely stopped doing so when she was 13, after she told her mother about the abuse. As a consequence, it is unlikely that medical examination could have produced evidence of assaults that occurred months or years earlier, and therefore the lack of medical evidence does not cast doubt on Doe's testimony or on the sufficiency of the evidence supporting Torrez's convictions.

## C. Ineffective Assistance of Counsel

Finally, Torrez contends trial counsel rendered ineffective assistance by failing to call Torrez's wife (Jane Doe's mother) to testify. This contention does not provide an arguable basis for appeal either.

As our Supreme Court has recognized, a criminal defendant's right to counsel under both the California and the United States Constitutions "includes the right to *effective* legal assistance." (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*).) In assessing a claim of ineffective assistance, we consider whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and whether the defendant suffered prejudice to reasonable probability, that is, a probability sufficient to undermine confidence in the outcome. (*People v. Strickland* (1984) 466 U.S. 668, 694.) In assessing the performance of counsel, "we accord greater deference to counsel's reasonable tactical decisions" (*People v. Farnam* (2002) 28 Cal.4th 107, 148), and "there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " (*People v. Weaver* (2001) 26 Cal.4th 876,

925.)  The burden of overcoming this presumption is " 'difficult to carry on direct appeal.' " (*People v. Mickel* (2016) 2 Cal.5th 181, 198.)  Indeed, claims of ineffective assistance are "more appropriately resolved in a habeas corpus proceeding" unless one of three circumstances applies: "(1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation."  (*Mai*, at p. 1009.)

At this stage, Torrez cannot overcome the deference afforded trial counsel's tactical decision and the strong presumption that trial counsel's performance was reasonable.  Indeed, declining to call Doe's mother as a witness for the defense was, on its face, reasonable.  Doe testified that, when she was 13 years old, she told her mother that Torrez was abusing her.  Thus, it was entirely possible that Doe's mother would have corroborated Doe's testimony about her earlier disclosure and thereby bolstered Doe's credibility (and, by extension, the prosecution's case).  We therefore must presume that Torrez's trial counsel had a sound tactical reason for refusing to call Doe's mother as a witness and that there is no arguable basis for Torrez to claim ineffective assistance of counsel on direct appeal.

### III. DISPOSITION

The judgment is affirmed.

_____
BROMBERG, J.

WE CONCUR:


_____
DANNER, ACTING P. J.


_____
KULKARNI, J.*


*People v. Torrez*
H052519

_____

&ast; Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution